a

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| CUONG VU SON #A027-374-431,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-01189<br>SEC P |
| VERSUS | JUDGE DRELL |
| WARDEN,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Appoint Counsel and for Extension of Time (ECF No. 4) filed by pro se Petitioner Cuong Vu Son ("Son"). Son is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. He seeks release from detention.

Because Son is not entitled to court-appointed counsel, the Motion should be DENIED in part, and GRANTED only as to the request for extension of time.

I. **Background**

Son sent the Court a letter stating that he has been detained for six months with no action taken regarding his removal. ECF No. 1. He alleges that his "country of the birth" does not cooperate with the United States in the removal process. *Id.*

The Clerk of Court mailed Son an application for leave to proceed *in forma pauperis* and a form Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 3. Son was ordered to complete the forms and return them to the Clerk by September 19, 2025. *Id.*

1

Son sent another letter to the Court asking that counsel be appointed to assist him with his case, and that the time within which to comply with the Order be extended. ECF No. 4.

## II.     Law and Analysis

Civil litigants do not have an automatic right to appointed counsel. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Jackson v. Cain*, F.2d 1235, 1242 (5th Cir. 1989). It is within the Court's discretion to appoint counsel unless the case presents "exceptional circumstances." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

In considering whether "exceptional circumstances" exist, a court should consider: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *see also Delaughter v. Woodall*, 909 F.3d 130, 140–41 (5th Cir. 2018).

Son provides no reason why he is unable to complete the forms provided by the Clerk. He submits two coherent letters to the Court seeking his release. And nothing in those letters indicate that the case is complex or requires special skill. Should it become evident that appointment of counsel is necessary and appropriate, the Court will issue an order accordingly.

### III.     Conclusion

Because Son is not entitled to court-appointed counsel, IT IS ORDERED that Motion to Appoint Counsel (ECF No. 4) is DENIED, but the request for an additional 30 days, until October 19, 2025, within which to comply with the prior Order is GRANTED.

SIGNED on Thursday, September 11, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE