a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CUONG VU SON #A027-374-431,                  CIVIL DOCKET NO. 1:25-CV-01189
Petitioner                                                                  SEC P

VERSUS                                                               JUDGE DRELL

WARDEN,                                         MAGISTRATE JUDGE PEREZ-MONTES
Respondents

---

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Cuong Vu Son ("Son"). At the time of filing, Son was an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. Son challenges his continued detention and the procedures used to re-detain him.

Because Son is no longer detained, the Petition should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I.     Background

Son is a native of Vietnam who was ordered removed on May 27, 1999.[1] He was released on an order of supervision on an unspecified date. Son alleges that ICE improperly revoked his order of supervision and re-detained him on March 12, 2025. ECF No. 9 at 4. Son also alleges that his removal is not substantially likely to occur

---

[1] https://acis.eoir.justice.gov/en/caseInformation

1

in the reasonably foreseeable future because he has been in the United States for over 26 years and does not have a Vietnamese passport or travel documents.

The online detainee locator service indicates that Son is no longer detained.[2]

## II.    Law and Analysis

Article III of the Constitution limits the judicial power of the United States to the resolution of "Cases" and "Controversies." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 597 (2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (internal quotations and citations omitted)). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Because Son is not detained, the § 2241 claim is moot. *See Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16

---

[2] https://locator.ice.gov/odls/#/search

(5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

## III.     Conclusion

Because the Court lacks jurisdiction, IT IS RECOMMENDED that the Petition for Writ of Habeas Corpus be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, February 9, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE